UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARREN WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2986** |
| **N. BURL CAIN, WARDEN** | **SECTION "C"** |

**ORDER AND REASONS**

This matter is before the Court on a petition for writ of habeas corpus by Darren Williams, seeking relief pursuant to 28 U.S.C. § 2254. The petitioner raises four claims for relief from his May, 2001 conviction of one count of simple burglary. Upon a thorough review of the trial, direct appeal, and post-conviction records, the habeas petition, traverse, memoranda, and applicable law, the Court has determined that petitioner's habeas corpus petition is without merit. For the reasons set forth below, this petition is DENIED WITH PREJUDICE.

I.  BACKGROUND AND PROCEDURAL HISTORY

The petitioner is a prisoner of the state confined to the Louisiana State Penitentiary in Angola, La. Fed. Rec. Doc. 1  He filed this federal application for writ of habeas corpus dated May 1, 2006. *Id.* at 26.  Petitioner was found guilty of one count of simple burglary in the 22nd

Judicial District Court for the Parish of Washington, State of Louisiana on May 22, 2001.  State Rec. Vol. 2 at 18.  The district attorney filed a multiple offender bill on the same day.  State Rec. Vol. 3 at 83.  The court found the district attorney had proved the allegations contained in the multiple offender bill and sentenced the petitioner to fifteen years at hard labor on July 23, 2002.  State Rec. Vol. 2 at 25.

The following facts are taken from the Statement of Facts of the Louisiana Court of Appeal, First Circuit :

> At approximately 4:45 a.m. on April 28, 2000, Michael Thomas, a uniformed police officer for the city of Bogalusa, exited his apartment to go to work.  As he approached his 1997 Jeep Cherokee and opened the driver's side door, he observed the defendant in the driver's seat.  He had never given defendant permission to enter his vehicle.  He immediately slammed the door shut and drew his weapon.  He contacted police headquarters for help.  He ordered defendant out of his car, but defendant repeatedly refused to exit the vehicle.  The officer opened the car door once again and attempted to get defendant out of the car.  Defendant reached over to the passenger side of the car and began kicking and swinging at the officer.  Finally, Officer Thomas was able to pull defendant out of his Jeep, place him on the ground and handcuff him. Within minutes, Officer Paris Smith, of the Bogalusa Police Department, arrived to assist Officer Thomas.
>
> Officer Thomas testified at trial that the plastic molding around the stereo system, which conceals the screws and the mounting brackets for the stereo, had been pulled off the console.  He further testified that the armrest console between the driver and front passenger seat had been ripped off and all of the papers contained in this console had been pulled out.  The glove box was open and all of the documents that had been inside were on the passenger seat and floorboard of the car.  There were cigarette burns on two or three places of the vehicle's interior.  Officer Thomas testified that when he left his car the night before, everything in his car was in good order and the stereo system was sill intact.  Officer

> Smith corroborated Officer Thomas's testimony that the molding intended to hold the stereo in place was lying on the passenger seat of the car. He testified that this was consistent with other burglaries he has seen.

*State v. Williams*, 2003-KA-0019 (La.App. 1 Cir. 6/27/2003)(unpublished opinion).

Again, petitioner was convicted on May 22, 2001, and sentenced on July 23, 2002. Petitioner appealed to the Louisiana Court of Appeal, First Circuit, urging four assignments of error: 1) that the trial court erred in denying defendant's motion for post verdict judgment of acquittal; 2) that there was insufficient evidence to support a guilty verdict; 3) that the trial court erred in denying defendant's motion for reconsideration of the sentence; and 4) that the sentence was excessive. The Louisiana First Circuit affirmed his conviction, habitual offender adjudication, and sentence on June 27, 2003. State Rec. Vol. 1. The Louisiana Supreme Court denied his writ of certiorari and/or review on February 6, 2004. *Id.*

Petitioner filed an application for post-conviction relief in the state trial court on February 1, 2005, raising two issues: 1) whether the state presented sufficient evidence to support a finding of petitioner's habitual offender status; and 2) whether petitioner's constitutional right to effective assistance of counsel was violated when counsel failed to object to the state's failure to present sufficient evidence of petitioner's habitual offender status. State Rec. Vol. 5. The trial court denied his application on March 2, 2005. *Id.* The Louisiana First Circuit denied his writ application on May 16, 2005, *id.*, and the Louisiana Supreme Court denied his subsequent writ application on March 24, 2006. *Id.* Thereafter, petitioner filed the instant petition for writ of habeas corpus in federal district court, signed May 1, 2006.

II.  PROCEDURAL REVIEW

### A. Custody Requirement

A petitioner must be "in custody" for a federal court to entertain a petition for habeas relief. 28 U.S.C. § 2241(c); 28 U.S.C.§ 2254(a).  Physical incarceration satisfies the custody requirement.  *See e.g., Maleng v. Cook*, 490 U.S. 488, 491, 109 S. Ct. 1923, 1925 (1989).  Here, petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, pursuant to the conviction he is attacking.  Rec. Doc. 1.  Accordingly, this condition of the Court's subject matter jurisdiction over petitioner's claim for relief is satisfied.

### B. Venue

Under 28 U.S.C.A. § 2241(d), venue lies in the district in which the petitioner is incarcerated or the district from which his conviction or sentence was obtained.  Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, which is in West Feliciana Parish, a parish that falls within the Middle District of Louisiana under 28 U.S.C. § 98(b).  However, petitioner was convicted and sentenced in Washington Parish, which under 28 U.S.C. § 98(a) falls within the Eastern District of Louisiana.  Therefore, venue lies for this petition under 28 U.S.C.A § 2241(d).

### C. Exhaustion

Petitioner's claims are exhausted as required by AEDPA. Indeed, the State concedes exhaustion.  Rec. Doc.6, at 9.  Generally, exhaustion of adequate state remedies is a "condition precedent to the invocation of federal judicial relief under [28 U.S.C.§ 2254]." *Preiser v.*

4

*Rodriquez*, 411 U.S. 475, 489 (1973). To satisfy the exhaustion requirement, the entirety of the factual allegations and legal theories presented to the federal court must have been presented in a procedurally proper manner to the highest state court, here the Louisiana Supreme Court. *See e.g., Anderson v. Harless*, 459 U.S. 4, 6 (1982) (holding a habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim) (*quoting Picard v. Connor*, 404 U.S. 270, 275 (1971); *Yohey v. Collins*, 985 F.2d 222, 226 (5th Cir. 1993); *Rose v. Lundry*, 455 U.S. 509 (1982). It is important to note that the issues in a habeas petition could have been presented to the highest state court on direct appeal, or in a state post-conviction proceeding; either is sufficient and both are not required. *Brown v. Allen*, 344 U.S. 443, 447 (1953); *Myers v. Collins*, 919 F.2d 1074, 1075-77 (5th Cir. 1990). The requirement of exhaustion is now codified by 28 U.S.C.§ 2254(b)(1), which provides, *inter alia*, that habeas relief "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." The other statutory provisions providing exceptions to the exhaustion rule are inapplicable here.

 Petitioner presents four claims for review in his federal habeas petition. These claims were raised in his application for writs of certiorari and review to the Louisiana Supreme Court on his direct appeal or on his application for post conviction relief. Accordingly, petitioner has satisfied AEDPA's exhaustion requirement.

 ***D. Timeliness***

The state submits that the petition is untimely, but after reviewing the record the Court disagrees. The Anti-terrorism and Effective Death Penalty Act of 1996[1] (AEDPA) requires that a habeas petitioner bring his or her 28 U.S.C.§ 2254 action within one year of the date on which his or her conviction or sentence becomes final.[2] AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C.§ 2254(d)(2); *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998). "A properly filed application is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) (*quoting Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir. 1998) (internal quotations omitted); *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000). Finally, out of an abundance of caution, this Court construes any tolling ambiguities in favor of a petitioner. *See, e.g., Navarre*

---

[1] Pub. L. 104-132, Apr. 24, 1996, 110 Stat. 1214.

[2] 28 U.S.C.§ 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*v. Stalder,* 2007 WL 1702774, *5 (E.D.La. 2007).

"[F]inality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003); *see also, Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (reaching the same conclusion regarding "finality."). A petitioner has ninety days to file a writ of certiorari in the United States Supreme Court after a decision is rendered by the state's highest court.  SUP. CT. R. 13(1).

Here, the state argues that petitioner's conviction and sentence became final on February 4, 2004, when the Louisiana Supreme Court denied his writ or certiorari for review of the First Circuit's judgment affirming the conviction and sentence, and that he therefore allowed 362 days of his federal habeas filing time to elapse by the time he filed his application for post-conviction relief with the state district court.  The state thus argues that petitioner's tolling period lapsed three days after the Louisiana Supreme Court denied his writ application on March 24, 2006, and well before he filed his habeas petition in this Court on May 1, 2006.  However, the state fails to account for the 90 days allowed petitioner to file a writ of certiorari to the United States Supreme Court.  *See Clay*, 537 U.S. at 527.  Petitioner's conviction and sentence did not become final until May 6, 2004, when his time for filing in the United States Supreme Court expired. Therefore, only 272 days had elapsed when he filed his application for post-conviction relief, and another 38 days elapsed between the time the Louisiana Supreme Court denied his writ application from denial of post-conviction relief and when he filed the instant application.  The instant application was filed considerably before his 365 days had elapsed.  Therefore, the Court

7

finds that the petition is timely filed under AEDPA.

### III.  PETITIONER'S CLAIMS

*A. Standard of Review*

AEDPA revised 28 U.S.C.§ 2254(d)(1) and (2), furnishing new standards of review for questions of fact, questions of law, and mixed questions of law and fact for habeas petitions. The statute now provides that if a state court has adjudicated a claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under 28 U.S.C.§ 2254(d)(1). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Questions of fact are reviewed under 28 U.S.C.§ 2254(d)(2). *Id.*

Regarding questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.§ 2254(d)(1).  The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one. *Bell v. Cone*, 535 U.S. 685, 694 (2002) (internal citations omitted).

As to questions of fact, a state court's factual findings are presumed to be correct and a

federal court "will give deference to the state court's decision unless it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Hill*, 210 F.3d at 485; 28 U.S.C.§ 2254(e)(1).

### *B. Petitioner's Claims*

Petitioner raises the following claims in his petition:

1. Whether the trial court erred in denying petitioner's motion for post verdict judgment of acquittal;

2. Whether the evidence introduced at trial was sufficient to support the verdict;

3. Whether the state presented sufficient evidence to support a finding of petitioner's habitual offender status;

4. Whether petitioner's constitutional right to effective assistance of counsel was violated when counsel failed to object to the state failure to present sufficient evidence of petitioner's habitual offender status.

Petitioner raised his first two claims on direct appeal, and the third and fourth claims in his post-conviction relief proceedings.[3]

The State argues that petitioner is not entitled to relief because his third and fourth claims are procedurally defaulted and barred from this Court's review, and that all of his claims were

---

[3]At one point the state suggests that petitioner raised his third claim on direct appeal, as well. Rec. Doc. 6 at 11. However, on direct appeal, petitioner argued that his sentence was excessive under the Louisiana constitution as grossly disproportionate to the seriousness of the offense, not that the state did not present sufficient evidence to support a finding of his habitual offender status - which resulted in his 15-year sentence - as he did in his post-conviction relief application and now in his federal petition.

properly determined by the state courts to be without merit.

### *1. Claims One and Two*

Petitioner's first and second claims raise essentially the same question of federal constitutional law: whether the evidence introduced at trial was sufficient to support the verdict. The Louisiana First Circuit,[4] in reviewing this claim in petitioner's direct appeal, applied the appropriate "clearly established Federal law, as determined by the Supreme Court of the United States," the case of *Jackson v. Virginia*, 443 U.S. 307 (1979). This Court must defer to the state court's decision unless it was an unreasonable application of *Jackson*. Under *Jackson*, the relevant question is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* The crime of which petitioner was convicted, simple burglary, requires proof of a specific intent to commit either a felony or a theft at the time of the authorized entry. Specific intent may be proven by direct evidence, or by inference from circumstantial evidence such as a defendant's actions or facts depicting the circumstances. *State v. Bates*, 95-1513, pp. 8-9 (La.App. 1 Cir. 11/8/96), 683 So.2d 1370, 1375.

Here, petitioner claims that he did not have the specific intent to remove the stereo from Officer Thomas' car. He points to the fact that no tools belonging to him were found in the vehicle, indicating that he did not deliberately remove the stereo from the dashboard. Instead, he

---

[4] The Louisiana Supreme Court denied his subsequent writ application without reasons. When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991). Here, the opinion of the Louisiana First Circuit is the last reasoned state court opinion.

claims that he was merely sitting in the Jeep, smoking cigarettes and drinking wine, and that the struggle that occurred when the officer attempted to pull defendant out of the vehicle could just as easily have explained how the damage to the console occurred.

The Court finds that the Louisiana First Circuit reasonably concluded that the jury could rationally have voted to convict on the evidence presented by the prosecution at trial. As the First Circuit noted, petitioner entered the officer's vehicle without permission, and offered no reason for doing so. The molding that held the stereo in place, and was in good repair the night before, was removed. The glove compartment and console had also obviously been searched. The jury, to which credibility determinations are entrusted, rejected the defendant's hypothesis of innocence. When viewing all of the evidence in the light most favorable to the state, the jury could readily have concluded that petitioner had the specific intent to commit theft when he entered the officer's car. The Court finds that the state courts were reasonable in reaching this conclusion.

### 2. Claims Three and Four

The State contends that Williams' third and fourth claims are in procedural default and are barred from federal review. Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995)

(citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)).  The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338.

This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.  When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).  Here, the trial court denied petitioner's claims for post-conviction relief, that the state had produced insufficient evidence to prove him a habitual offender, and that he was provided ineffective assistance of counsel when his attorney failed to object to the insufficiency of the state's evidence, on the merits.  State Rec. Vol. 5.  The Louisiana First Circuit denied his writ application without reasons. *Id.*  The Louisiana Supreme Court appears to have denied his claims on a state procedural rule.  Its opinion, in its entirety, states: "Denied.  La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172." *Id.*  LA.CODE CRIM.P. art. 930.3, Grounds, reads:

> If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
>
> (1) The conviction was obtained in violation of the constitution of

> the United States or the state of Louisiana;
> (2) The court exceeded its jurisdiction;
> (3) The conviction or sentence subjected him to double jeopardy;
> (4) The limitations on the institution of prosecution had expired;
> (5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or
> (6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.
> (7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

The court in *Melanie*, the case cited by the Louisiana Supreme Court in rejecting petitioner's claims, stated that art. 930.3, "which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction." *Melanie*, 665 So.2d 1172. This rule has dubious application in the present case: petitioner is not challenging his sentence as excessive, or that there was other error in his sentencing. He is claiming that his due process rights were violated when the state failed to introduce evidence that his prior guilty plea, which resulted in an arson with intent to defraud conviction in 1999, was made voluntarily and understandingly as the Court in *Boykin v. Alabama*, 395 U.S. 238 (1969), ruled was constitutionally required. In other words, he is claiming that the finding that he was a habitual offender was obtained in violation of the constitution of the United States, which is one of the grounds for relief under article 930.3. LA.CODE CRIM.P. art. 930.3(1).

It appears the state courts barred review of Williams' claims based on procedural default

pursuant to LA. CODE CRIM. P. art. 930.3.  However, this Court must consider whether the bar prohibits consideration of the claim on federal habeas corpus review.  For this state-imposed procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.

A state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

*United States ex rel. Bradley v. Clark*, 2002 WL 31133094 at *4 n.2 (N.D. Ill. July 18, 2002). For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, the federal courts need not honor that bar. *Davis v. Johnson*, 2001 WL 611164 at *4 n.10 (N.D. Tex. May 30, 2001); *see also*, *Johnson v. Lensing*, 1999 WL 562728 at *4 (E.D. La.) (J. Berrigan) (Art. 930.8 bar was not adequate because it was not properly applied under the circumstances of the case); *Poree v. Cain*, 1999 WL 518843 (E.D. La.) (J. Mentz) (Art. 930.8 was not adequate to bar review because it was misapplied).

However, even if petitioner's claims here do meet an exception to the procedural bar, this Court would find that his third and fourth have no merit and should be dismissed.  Petitioner was adjudicated a second offender after a hearing on July 23, 2002.  The state introduced the testimony of a state fingerprint expert and evidence of petitioner's fingerprint card, and the

14

expert's testimony that the fingerprints on the bill of information for his prior, 1999 arson conviction matched that of the petitioner. State Rec. Vol. 3, pp. 96-106.  The court then found that the state had proven the allegations in its multiple offender bill of information and sentenced him to fifteen years hard labor. *Id.* at 103.  Defense counsel objected to the court's "ruling in this matter." *Id.* at 104.  After noting his discussions with Williams and his recommendation that he plead rather than go ahead with the sentence, counsel stated that Williams "felt, however, that the sentence was too much and so we'd like to reserve our right in that regard." *Id.*  Finally, defense counsel concluded, "[j]ust for the record, we're going to go ahead and appeal, your Honor, the sentence and I'll get the papers to the court." *Id.* at 105.

In *Boykin*, the United States Supreme Court held that it was reversible error for a state trial judge to accept a plea of guilty without an affirmative showing that it was intelligent and voluntary.  The Court emphasized three essential federal constitutional rights which are waived by guilty pleas, the Fifth Amendment privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers, and announced its unwillingness to presume a wavier of these important rights from a silent record. *Boykin*, 395 U.S. at 243.    In this context, it is notable that *Boykin* involved an appeal from the conviction obtained by the guilty plea for which there was no evidence in the record of a knowing and voluntary waiver of rights.  In this situation, petitioner did not appeal his 1999 arson conviction, or previously challenge the voluntariness and knowledge of his waiver of rights in that case.

In challenging the sufficiency of the evidence introduced to prove his prior conviction, petitioner cites the Louisiana Supreme Court decision, *State v. Shelton*, 621 So.2d 769 (La.

15

1993), and claims that the state was required, and failed, to introduce affirmative proof that his prior guilty plea was voluntarily and knowledgeably made. It should have introduced, for example, a contemporaneously recorded transcript of his guilty plea and waiver. The *Shelton* court held that, "[i]f the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken." *Shelton*, 621 So.2d at 769. In considering a Kentucky habitual offender sentencing statute, the United States Supreme Court recognized the presumption of regularity that attaches to final judgments. *Parke v. Raley*, 506 U.S. 20 (1992). The Court held that this presumption would be improperly ignored if the *Boykin* presumption of invalidity applied on direct review were to be imported to recidivism proceedings in which final judgments are collaterally attacked. *Id.* at 29. In other words, the state in this situation, introducing evidence of a prior conviction in a habitual offender proceeding, was not required to introduce further evidence that Williams voluntarily and understandingly plead guilty to the arson charge unless he challenged the plea. Nothing in the record suggests that he was challenging the voluntariness or claiming a lack of understanding of his plea; the only objection appears to be to the sentence imposed. Therefore, petitioner is not entitled to relief on his third claim.

Perhaps recognizing the deficiency of his third claim for this reason, petitioner argues in his fourth claim that his right to effective assistance of counsel was violated when his counsel failed to object to the sufficiency of the evidence of petitioner's habitual offender status. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking

relief must demonstrate both (1) counsel's performance was deficient *and* (2) that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687.

      To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). An analysis of an attorney's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *Strickland*, 466 U.S. at 689. "[I]t is necessary to judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

      In order to prove prejudice with respect to trial counsel, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* Indeed, the Fifth Circuit has adopted the *Strickland* test holding: "[d]eficient performance is prejudicial only upon a showing that but for counsel's errors, there is a reasonable probability that the ultimate result would have been different and that confidence in the reliability of the

verdict is undermined." *Little*, 162 F. 3d at 860-61.  In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."  *Crockett*, 796 F.2d at 793.

It is important to note that petitioners bear the burden of proof when asserting a claim for ineffective assistance of counsel.  Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."  *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also, Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).  If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e., deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong.  *Strickland*, 466 U.S. at 697.  Furthermore, a claim of ineffective assistance of counsel is a mixed question of law and fact.  *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied*, 538 U.S. 969 (2003).  Therefore, this Court must defer to the state court on these claims unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.§ 2254(d)(1).

Here, the petitioner's claim fails both prongs of the *Strickland* test.   There is no evidence that counsel's performance was deficient because he failed to object to the sufficiency of the state's evidence.  Petitioner no where actually claims that his plea to the arson charge was not voluntary or knowledgeable; indeed, the state record contains the "*Boykin* transcript" from that plea, in which the petitioner is clearly asked if he understood that he was waiving the essential rights recognized in *Boykin*, and clearly answers yes to each.  State Rec. Vol. 6.  There is no

evidence that Williams told his counsel that the plea was not voluntary. The record of the habitual offender hearing reveals that counsel and petitioner disagreed over whether petitioner should plea to the habitual offender charge (counsel's recommendation appears to be reasonably rooted in the existence of four other prior convictions in the multiple offender bill, and two additional burglary charges that were then pending). However, petitioner's objections, and those voiced by counsel, appear to themselves be rooted in the length of the ultimate sentence, not to any purported failure of the state's proof. It is hard to conclude that counsel's performance was deficient for failure to object to the sufficiency of the state's evidence when there is no evidence that reasonable counsel would have expected such an objection to have any chance of success.

As noted above, had counsel objected, the state could readily have introduced the *Boykin* transcript, and easily defeated the objection. Petitioner thus cannot show that, even if deficient, counsel's performance caused him prejudice. Petitioner has made no showing that there was any evidence that he did not voluntarily and knowledgeably enter his prior guilty plea, on which counsel could have based an objection. In addition, there appears to have been several other convictions for which the state might have produced evidence.[5] As a result, petitioner's fourth claim also fails on its merits.

## IV. CONCLUSION

Having considered the petition, the record, and the applicable law, the Court determines

---

[5] It is not clear from the record why the state only introduced evidence of the one conviction, when its multiple offender bill of information recited five. The Court's analysis does not rely on these other possible prior convictions in order to conclude that petitioner was not prejudiced by counsel's performance.

that the petitioner has not established that his state conviction presents grounds for the relief requested. Accordingly,

IT IS ORDERED that the petition of Darren Williams be hereby DENIED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana, this 31st day of January, 2008.

       HELEN G. BERRIGAN
       UNITED STATES DISTRICT JUDGE